1   CRAIG H. MISSAKIAN (CABN 125202)
    United States Attorney
2
    MARTHA BOERSCH (CABN 126569)
3   Chief, Criminal Division

4   ALETHEA M. SARGENT (CABN 288222)
    KELLY I. VOLKAR (CABN 301377)
5   Assistant United States Attorney

6       1301 Clay Street, Suite 340S
        Oakland, California 94612
7       Telephone: (510) 637-3680
        FAX: (510) 637-3724
8       alethea.sargent@usdoj.gov
        Kelly.Volkar@usdoj.gov
9
    Attorneys for United States of America
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                         OAKLAND DIVISION
13

14  UNITED STATES OF AMERICA,              )   **CASE NO. 4:25-CR-0402-JST**
                                           )
15             Plaintiff,                  )   **[PROPOSED] DETENTION ORDER**
                                           )
16        v.                               )
                                           )
17  SHAWN MCGEE,                           )
                                           )
18             Defendant.                  )
    _____)
19

20       On November 20, 2025, defendant SHAWN MCGEE was charged by Indictment with

21  Conspiracy to Distribute and Attempted Possession with Intent to Distribute Over 100 Marijuana Plants,

22  in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(B).

23       This matter came before the Court on December 15, 2025, for a detention hearing. The

24  defendant was present and represented by Richard Tamor. Assistant United States Attorney

25  Kelly Volkar appeared for the government. The government moved for detention, and the defendant

26  opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

27       Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

28  the record, the Court finds by clear and convincing evidence that no condition or combination of

1  conditions will reasonably assure the safety of any other person or the community.  Accordingly, the

2  defendant must be detained pending trial in this matter.

3         The present order supplements the Court's findings and order at the detention hearing and serves

4  as written findings of fact and a statement of reasons as required by Title 18, United States Code,

5  Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its

6  conclusion:  After multiple armed commercial burglaries of the same location had already occurred,

7  MCGEE answered a call from a co-conspirator around 4:00 a.m. and immediately responded by

8  traveling to the vicinity of the third armed burglary.  These facts proffered by the government indicate

9  that MCGEE likely knew the other co-conspirators, likely understood the purpose, and likely had

10  committed similar offenses in the past.  Indeed, despite the fact that the events alleged in the indictment

11  resulted in the death of an Oakland Police Officer, MCGEE has since committed other crimes involving

12  firearms, including allegedly joining an armed burglary in October 2024.  In addition, in August 2024,

13  MCGEE led the police on a high-speed car chase and threw a bag out of his window in the process,

14  which contained a short-barreled machine gun and ammunition, before subsequently fleeing on foot, and

15  MCGEE currently faces federal charges related to those events in No. 4:25-CR-0024-JST.  The

16  allegations in the present indictment were unknown to the Court at the time of bail hearings in No. 4:25-

17  CR-0024-JST, and the Court finds MCGEE's involvement in the underlying events alleged here to be a

18  material difference.  In conjunction with MCGEE's criminal history, which includes prior felony

19  convictions for weapons offenses including one in connection with a grand theft, the Court finds that

20  MCGEE presents a danger to the safety of the community.  The Court also finds that no conditions of

21  release will mitigate this danger.  MCGEE was on probation at the time of the current alleged offense,

22  the August 2024 events that gave rise to his other federal case, and the alleged October 2024 armed

23  burglary.  This shows that he was unwilling to follow conditions of release.  This finding is made

24  without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for

25  reconsideration if circumstances warrant it.

26         Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

27         1.      The defendant be, and hereby is, committed to the custody of the Attorney General for

28  confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

1    sentences or being held in custody pending appeal;

2        2.    The defendant be afforded reasonable opportunity for private consultation with counsel;

3    and

4        3.    On order of a court of the United States or on request of an attorney for the government,

5    the person in charge of the corrections facility in which the defendant is confined shall deliver the

6    defendant to an authorized United States Marshal for the purpose of any appearance in connection with a

7    court proceeding.

8        IT IS SO ORDERED.

9

10    DATED: December 15, 2025

11                                   HONORABLE THOMAS S. HIXSON
                                     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28